IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CANDI FORSTER,

        Plaintiff,

v.

A & M HOSPITALITIES, L.L.C. d/b/a
HILTON GARDEN INN,

        Defendant.

Civil Action 7:10-CV-112 (HL)

## ORDER

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. 19) and Defendant's Motion/Notice of Objection to Plaintiff's Response to Defendant's Statement of Material Fact to Which There is No Genuine Issue and Plaintiff's Statement of Material Facts Not in Dispute (Doc. 30). After review of the briefs, depositions, affidavits, and documentary evidence submitted by the parties, the Court grants Defendant's Motion for Summary Judgment and denies Defendant's Motion/Notice of Objection.

### I. DEFENDANT'S MOTION/NOTICE OF OBJECTION

Before moving into the merits of Defendant's summary judgment motion, the Court must address Defendant's objection to Plaintiff's statement of material facts and response to Defendant's statement of material facts.

As required by Local Rule 56, Defendant filed with its summary judgment motion a statement of material facts to which it contends there is no genuine

dispute. (Doc. 20). Each fact is numbered separately and supported by a specific citation to the record. M.D. Ga. L.R. 56.

A respondent to a motion for summary judgment is required under this Court's Local Rules to "attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried." Id. The respondent is also required to respond to each of the movant's numbered material facts, and any controverted facts are to be controverted by specific citation to the record. Id.

When Plaintiff filed her response to Defendant's summary judgment motion, she did not file a response to each of Defendant's numbered material facts or a separate statement of material facts. Instead, she just made the following blanket statement: "[T]he Plaintiff disputes all of the material facts as cited by the Defendant as those facts do not comply with the rules of this court and cannot be considered in support of the Summary Judgment Motion." (Doc. 21, p. 2). Because Plaintiff failed to comply with Local Rule 56, Defendant requested in its reply brief that all of its cited material facts be deemed admitted.[1]

It was only after Defendant filed its reply brief that Plaintiff filed her separate statement of material facts not in dispute (Doc. 23) and response to Defendant's statement of material facts (Doc. 24). Defendant has objected to these filings as being untimely, and has requested that the Court strike them. In

---

[1] Local Rule 56 provides that all material facts not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate. M.D. Ga. L.R. 56.

response, Plaintiff states that she responded to Defendant's statement of facts and set forth her own statement of facts in her response to the summary judgment motion. Plaintiff asserts that "a separate filing is merely redundant and should not be necessitated as it only fills up the Court's file with duplicate pleadings." (Doc. 36, ¶ 6).

Contrary to counsel's belief, the separate filings are not redundant and serve an important purpose. They permit the Court to efficiently and clearly identify any factual disputes and directly point the Court to the parties' support for their factual contentions. Plaintiff's counsel would be well served to keep this in mind for any future cases in this district.

In any event, while Plaintiff did finally file a response to each of Defendant's material facts, the response still does not comply with Local Rule 56, as Plaintiff does not support her denials with specific citations to the record. However, Plaintiff did submit her own statement of material facts which are supported with citations to the record. Because of the relatively small amount of evidence submitted in this case, the Court believes it can reconcile the factual statements as needed. Thus, the Court accepts Plaintiff's filings for the purposes of this motion and will treat Plaintiff's response as proper. Defendant's Motion/Notice of Objection (Doc. 30) is denied.

II.     FACTS

On or about October 13, 2008, Plaintiff was hired as the dining room manager at the Hilton Garden Inn in Valdosta, Georgia, which is operated by

Defendant. Plaintiff was under the direct supervision of Dan Buegler, the food and beverage manager.

Plaintiff contends that on November 17, 2008, Buegler sexually harassed Cindy Geiger, a waitress, in Plaintiff's presence. Plaintiff alleges Buegler told Geiger that she should "put on a bikini and go out by the road and draw in some business for us." (Deposition of Candi Forster, p. 31). Plaintiff states she immediately told Buegler: "Stop. We have a zero policy for that here, and you need to leave." (Id.)

Plaintiff also contends that the following day, Geiger told Plaintiff that after Geiger got some chocolate icing on her fingers, Buegler made the comment "I see you like chocolate icing. I do too." to Geiger. (Id. at 34).

Plaintiff decided to report Buegler's conduct to Denise Foster, the general manager. On November 20, 2008, Plaintiff, Foster, and Buegler met in Foster's office, and Plaintiff addressed her concerns. Buegler received a written reprimand and was required to apologize to Geiger.

Plaintiff contends that Buegler soon after began retaliating against her for reporting the harassment. The first instance of alleged retaliation was on November 21, 2008, when Buegler yelled and screamed at Plaintiff and another employee for putting cheese on a hamburger when the cheese had not been paid for. The second instance was on November 23, 2008, when Buegler was angry with an employee under Plaintiff's supervision and accused Plaintiff of being at fault. The third instance occurred on November 27, 2008, when Buegler

4

called Plaintiff into his office three times to question her on why her staff were not doing as they were told. The final instance occurred on November 30, 2008, when Plaintiff was written up by Buegler over a dispute on how the buffet line was set up.

Beugler reported the buffet incident to Foster. Plaintiff was called into Foster's office and released for the remainder of the day. Approximately three days later, Plaintiff provided a written statement to Foster in which Plaintiff asserted that she was being retaliated against. Plaintiff was placed on leave and eventually terminated. Foster contends Plaintiff was terminated because of repeated insubordination. Plaintiff believes she was terminated in retaliation for reporting the sexual harassment by Beugler.

On October 7, 2010, Plaintiff filed a lawsuit alleging that she had been discriminated against based on her sex in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended. Plaintiff specifically alleges that she was sexually harassed at work, was retaliated against for reporting the sexual harassment, and was subjected to a hostile work environment.

Defendant has now moved for summary judgment on all of Plaintiff's claims.

### III.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Trial Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v.

6

Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986))."If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

## IV.  ANALYSIS OF SUMMARY JUDGMENT MOTION

### A.  42 U.S.C. § 1981

In Count I of her complaint, Plaintiff alleges that Defendant intentionally discriminated against her in violation of 42 U.S.C. § 1981 "by a pattern and practice of retaliating against the Plaintiff for reporting sexual harassment and unprofessional behavior." (Compl., ¶ 24; Doc. 1, p. 6).

Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Defendant argues that Plaintiff's § 1981 claim should be dismissed because it is a sex-based claim, rather than a race-based claim. The Court agrees.

It is well established that § 1981 cannot be the basis for a sex discrimination or sexual harassment claim. Section 1981 was enacted to prevent discrimination based on race, not sex. *See* Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960-961 (11th Cir. 1997); Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998) ("It is . . . settled that Section 1981 does not prohibit discrimination on the basis of gender[.]" (citation omitted); McCoy v.

7

Johnson Controls World Servs., Inc., 878 F.Supp. 229, 233-34 (S.D. Ga. 1995) ("It is well established that sexual harassment is not actionable under 42 U.S.C. § 1981.) There are no allegations of racial discrimination in Plaintiff's complaint, only sexual discrimination. Accordingly, Count I of Plaintiff's complaint, the claim under § 1981, is dismissed.

### B.  Sexual Harassment and Hostile Work Environment Claims

In Plaintiff's complaint, she alleges a sexual harassment claim and a hostile work environment claim. However, Plaintiff seems to have abandoned these claims, as she does not address them in her response to Defendant's motion. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001); Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994) (claims not addressed in response to summary judgment motion deemed abandoned). Nevertheless, even if Plaintiff has not abandoned these claims, they are due to be dismissed because, as discussed in detail below, Plaintiff failed to timely file her EEOC charge.

### C.  Retaliation Claim

Plaintiff alleges in her complaint that she was retaliated against for reporting sexual harassment. However, Defendant contends that the retaliation claim fails because Plaintiff failed to timely file an EEOC charge.

#### 1.  Exhaustion of administrative remedies

In order to maintain a Title VII claim, a plaintiff must first exhaust her administrative remedies by timely filing a charge of discrimination with the EEOC.

42 U.S.C. § 2000e-5(e); Maynard v. Pneumatics Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001). The charge must ordinarily be filed within 180 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); Maynard, 256 F.3d at 1262. "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." Rizo v. Ala. Dep't of Human Resources, 228 Fed. Appx. 832, 835 (11th Cir. 2007).

Plaintiff's EEOC charge is dated July 12, 2009, and states that the last discrimination took place on December 5, 2008. On its face, the charge is untimely, as the 180-day deadline for Plaintiff to file her charge of discrimination was June 3, 2009.

However, Plaintiff submitted a charge questionnaire to the EEOC on December 18, 2008, which falls within the 180-day period. The Court assumes Plaintiff wants the Court to construe the questionnaire as a charge for purposes of timely filing, though she never makes that specific argument.

The common view in the Eleventh Circuit is that as a "general matter," intake questionnaires are "not intended to function as a charge." Pijnenburg v. West Ga. Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir. 2001). However, under certain circumstances, a verified EEOC intake questionnaire can constitute a charge. In Wilkerson, 270 F.3d at 1314, the Eleventh Circuit held:

> In sum, we hold that a verified intake questionnaire that includes the basic information suggested by 29 C.F.R. § 1601.12(a) may constitute a charge for purposes of Title VII statute of limitations when the circumstances of the case would convince a reasonable person that the

9

>   charging party manifested her intent to activate the administrative process by filing the intake questionnaire with the EEOC.

Id. at 1321.

"The EEOC requires that a charge be 'in writing and signed and . . . verified.'" 29 C.F.R. § 1601.9. A charge is verified when it is "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). Verification is mandatory. Vason v. City of Montgomery, Ala., 240 F.3d 905, 907 (11th Cir. 2001).

The charge questionnaire was signed by Plaintiff, but was not notarized. Plaintiff did not swear or affirm the information in the questionnaire "under penalty of perjury." Instead, the questionnaire was signed under the following pre-printed statement: "I swear or affirm that the information provided is true and correct to the best of my knowledge." As the questionnaire was not notarized or sworn to under penalty of perjury, it does not satisfy Title VII's requirement that an administrative charge be verified. See Francois v. Miami Dade County, Port of Miami, 432 Fed. Appx. 819, 822 (11th Cir. 2011) (charge not verified); Pijnenburg, 255 F.3d at 1307 (holding that an unsworn intake questionnaire did not meet the requirements for a validly filed charge); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 261 (3d Cir. 2006) (questionnaires signed under pre-printed statement that "I hereby verify that the statements complained in this complaint

are true and correct to the best of my knowledge, information and belief" were not verified for purposes of Title VII); Hammond v. State of Ga., No. 2:11-CV-00051-RWS, 2012 WL 181647, at * 3 (N.D. Ga. Jan. 23, 2012) (dismissal of complaint was appropriate because the intake questionnaire was not verified).

While Plaintiff cites to Wilkerson in an effort to save her claims, that case can easily be distinguished. The questionnaire at issue in Wilkerson was verified. Plaintiff's was not. No further discussion is required.

The Eleventh Circuit in Wilkerson cautioned that it would "not treat intake questionnaires willy-nilly as charges." 270 F.3d at 1320. Plaintiff has shown no reason why the Court should vary from the general rule that "an intake questionnaire is not intended to function as a charge." Pijnenburg, 255 F.3d at 1307. The Court will not consider the intake questionnaire as a charge. As Plaintiff failed to timely file her EEOC charge, her Title VII claims cannot stand.

**V.   CONCLUSION**

For the reasons discussed above, Defendant's Motion for Summary Judgment (Doc. 19) is granted. Defendant's Motion/Notice of Objection (Doc. 30) is denied. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

**SO ORDERED**, this the 13th day of April, 2012.

> *s/ Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

mbh